Okay, the last case, People v. Willis. Best of the best, sir. Hello, counsel. How you doing? Very well, thank you. May I please have the floor? Counsel? My name is Larry Wells. I represent the defendant, Mr. Willis, in this cause. Mr. Willis was convicted of three sex crimes. He was convicted of two counts of aggravated criminal sexual abuse. That's class two. Those are class two counts. And he was convicted of one count of aggravated criminal sexual assault. That's a class X felony. He raises two issues before this court. With the court indulgent, I'm going to start with the second issue because it will take a lot less time to present. The defense theory of the case here is that Mr. Willis was guilty. That's right. The defense theory in this case is that Mr. Willis was guilty. The defense attorney told the jury they should find him guilty. The dispute in this case was on the question of whether there was merely unlawful sexual contact or whether there was, in addition, unlawful sexual penetration, the difference between the class two and the class X felonies. The defense attorney told the jury that they should listen to the statement that was reported, the statement that was made by Mr. Willis on the night of these events, and they told the jury that's what really happened. And what Mr. Willis says is that he attempted to commit the class X felony and was blocked by the complaining witness who pulled his hand away. The defense attorney also argued that the cross of this case was the difference between unlawful sexual contact and unlawful sexual penetration in his arguments to the judge. So the defense attorney is arguing that the defendant is only guilty of lesser offenses, and yet this attorney did not present a lesser included offense instruction that would allow the theory of the defense to be implemented. And we cite lots of cases that say when an attorney presents a theory of the case to the jury and then does not provide a mechanism for that theory to be implemented, that's ineffective assistance of counsel. That's not the trial strategy. The defense attorney was admitting that the defendant was guilty of class two felonies, and so the conviction of another class two felony is not going to make any difference. That is not going to alter anything. The defense attorney was arguing that the defendant was guilty. So we'd ask the court to reverse the case on that basis and remand the case to a new trial that would be ineffective assistance of counsel. Now, turning to the first argument in the brief, Mr. Wills was unfairly trotting on the question of whether he committed the class X felony of sexual penetration of the complainant's vagina. The reason that this trial was unfair was because the prosecution argued directly to the jury that they had proved not just one penetration but two. They argued to the jury that there were two completely separate, independent, sufficient acts that supported a single count. That's duplicitous charge. That is a denial of due process. It keeps the defendant from knowing what it is he's being charged with, and it keeps him from having a fair trial. Now, the state has argued that this is just a problem of surplusage. They say, we don't have to allege any particular method of commission of a sexual penetration, and since we don't have to allege any particular method, it doesn't matter which one is established. It's just surplusage. But the state has got this wrong. This is not a surplusage problem. This would be a surplusage problem or a variance problem, if you will, if the allegation was just like it is here, penetration with the finger, but all the evidence showed that it was penetration with a toe. And there's still one penetration, one act, one crime, one count, a single. It wouldn't matter. The defendant couldn't be prejudiced by that. It's simply an alternative means of commission of this one crime that they're charging the defendant with. And so it's just a mere variance. But here, the prosecution argued they proved two completely separate acts, each one independently sufficient to establish guilt in a single account. The leading case on this is United States v. Sterling. In that case, the defendant was charged with unlawfully obstructing interstate commerce. And the allegation that they made, it's just like penetration, criminal penetration, could have done any wonder in a number of ways, but the charge against them said it was done by preventing sand from going across state lines, and that unfairly benefited the defendant's concrete business. Well, a trial of the state proved in addition, private proof anyway, that he had blocked steel rods that are also used for concrete, so he could gain an unfair advantage. And then presented to the jury, argued jury, well, you can pick either one of these. Either this act or this act. Both of those are good enough. They argued in the alternative. And the Supreme Court said that was not fair. That's not a fair trial. Those are the cases that we rely on here. And there's lots of cases like that. We cite another case where the defendant is charged with having bullets as a felon. They charge him, they say, you have these bullets. Well, there's lots and lots of ways you can be a felon and have an unlawful use of weapons, but the way the state was going forward was that they had bullets. They go through to the trial. There's not a fair use. There's not surplusage. They argued in that case in the alternative. He didn't just have bullets. He had this other way, too. He had primers and gunpowder and shells and slugs, and he could manufacture these. And that's the other way. So you could try him guilty either way. And the court said, no, you can't do that. You can't argue in the alternative for a single count. If there's independent, separate basis for conviction, that can't be argued to the jury as an alternative. And that's where the state's argument fails. It fails because this is not surplusage. It's not variance. It's duplicitous. It's an argument in the alternative on a single count. I think there's anything else I need to get to. Just on page 7 of the state's brief, the state admits that unlawful sexual penetration is an offense that can be committed in lots of different ways. And in the last page of that argument, they also talk about how this is covered by variance and that these arguments by the state are enough to show that it fits into the same kind of cases that we're talking about, cases where a crime could be committed in lots of different ways. It's not like, for example, murder. Murder is a unique crime. In the Schrader case that the state relies upon, the United States Supreme Court considered whether the method of commission of murder was something that there had to be a unanimity of verdict. And they decided that it did not. And the argument that's made there, the reasoning, is perfect. In the Schrader case, the court said, a body is found in a burned-out building and the defense charged with murder. The experts are in complete disagreement about whether the person, some experts, said the woman was strangled. And the other experts said, oh, that's nonsense. She was alive at the time that the defendant set the fire. And the Supreme Court said, it doesn't matter. He murdered that woman. He's only going to be convicted of one count of murder. He can only do it once. It wouldn't matter if they tried 14 different ways of doing it. If they found that he was guilty of commission of that crime, he's only going to be convicted of one murder. He can't do it twice. That's not the case with the situation of interfering with interstate commerce or possession of, unlawful possession of weapons by a felon. Or, and it's also not true of sexual penetration. They have got to pick something. They can't just go in there and say, here's 14 different ways where there might have, if those were sufficient acts, that's not a fair trial. And that's what happened here. There's no sexual penetration exception to due process. You've got to know what you're being charged with and you've got to have a fair trial on it. And that didn't happen here. So we'd ask this court to reverse the conviction and remand the case for a new trial on the class X felony. Thank you, counsel. Hi. Hello there. May I please report, counsel? Jennifer Hamden on behalf of the state. So the defendant's argument is that his due process rights to notice the charge against him was violated by the court's ruling at the jury instruction conference, allowing the state to argue that the penetration element of sexual assault was satisfied by evidence that the defendant rubbed past the victim's clitoris as he inserted his finger in her vagina. However, it's penetration that is the essential element of aggravated criminal sexual assault, not any particular means. Is that bonding? Is that also bottling? It said that there's a penetration for the insertion or by bottling. I'm sorry, Your Honor. What are you reading from? I can't hear you. What are you reading from, Your Honor? From the defendant's brief here. For criminal sexual assault, an act of penetration is required. Penetration being defined as any intrusion, however slight, into the sex organ. I'm not sure I understand your question, Your Honor. No. Go on. OK. Thank you, Your Honor. So the multiple cases cited by the state hold that in criminal sexual assault cases, the means of penetration is surplus. It does not need to be alleged specifically in the charging instrument. In People v. Harper, the aggravated criminal sexual abuse charge alleged penetration of the vagina. The state presented evidence on that theory of penetration and also presented evidence of a separate penetration of the mouth. The court held that the state need not prove the means of penetration alleged in the charge. So this case is really quite like Harper in that the charging instrument contained one surplus allegation of penetration. And then there was proof of two different theories of penetration. And the appellate court held that that was all right because the means of penetration was surplus. The defendant here says that the state relied on trash. I point out that I think it's the defendant in the reply to page three that replies that relies on Shradd. Harper did rely on Shradd in reference to its holding that the jury did not need to agree on the particular means of penetration so long as it agreed that penetration had occurred. Harper did not rely on Shradd for the proposition that the charging instrument was sufficient, even where it alleged a surplus theory of penetration. It's not like the defendant was convicted of two counts of criminal sexual assault here. And I really think that that's the unstated premise towards which a lot of defendants' arguments here are tending. The jury was told by the state in the closing argument that it could convict based on two different theories of penetration. But the instructions only required the jury to find an act of sexual penetration, which was not specifically the specific act of sexual penetration was not an element of the crime that the state was required to plead in the charges. The defendant suggests a constructive amendment occurred here. But that occurs where a defendant is convicted of a crime whose essential elements are different from the elements alleged in the charging instrument. And here, the means of penetration is not an element under People v. Ross, People v. Carter, Harper, In re WT, all of which are cited in the People's Answer Brief. The defendant argues that this case is like Sterone in one of the Fifth Circuit cases that he discusses in his opening brief. But in those cases, a modification of an element, an essential element, that was required to be found by the grand jury and then specifically proved had occurred. And the courts held that that was in violation of the Fifth Amendment right to a grand jury indictment. And that's not the fact pattern that we have here. Also, I'd like to point out that the opening brief by a defendant was confined to arguing that it was the wording of the charging instrument that had a preclusive effect that bound the state to argue one means of penetration and that it was the court's ruling at the jury instruction conference allowing the state to argue a second means that constituted the error. And the answer brief responds to this. I want to point out that the reply brief for the first time argues that the error turned on a different ruling, a pretrial ruling. The defendant is arguing for the first time also had this preclusive effect. And the state didn't burn the court with a motion to strike to reply, but I want to argue that under Rule 341, the defendant was required to make that argument in his opening brief. For that reason, this court should not consider this separate theory of error. And in the event that this court chooses to do so, the response is that defendant had no due process right to notice of this surplus allegation. After all, means of penetration was not required to be alleged in the charging instrument. And that the court's statement in the pretrial hearing was not a ruling that misled the defendant in any way. What happened was that before trial, the state asked for an instruction defining sex organ. The court said that the crime wasn't charged that way. The charging document only said vagina. The state said that the evidence will show beyond that. The court said that the defendant should have been charged that way. The state said that the victim said all along that the defendant rubbed her clitoris. The defense said that the victim only last week had said for the first time that the defendant put a finger in her vagina. And then the court stated that jury instructions are to assist the jury in interpreting the charging instrument because the charge was vagina. He was going to deny the state's motion for jury instruction on the definition of sex organ. The reply varies. The defendant is arguing that the court's statement that he should have been charged that way constitutes a ruling that defines the charging instrument in some way. And that found the state in some way to prove sexual penetration only via that theory. However, the defendant has a due process right to notice of the charge, not notice of a surplus allegation. And the defendant isn't citing authority for the proposition that a defendant has a due process right to notice of an allegation that word included in a charging instrument would be surplusage. Or that the court's statement that he should have been charged that way bound the state in some way where the charging instrument did not. The court's statement couldn't have had any perplusive effect where the state, under People v. Ross, cited in the answer brief, could have amended the charge to allege a theory of penetration because it is surplusage. Ross held that that's a formal amendment that can be made at any time, even after the close of evidence. So for those reasons, the defendant hasn't proven a general due process violation to notice of a surplus allegation here. And with regards to his more particularized claim that he was somehow misled in his evidence, sorry, in presenting his case, the court's statement that he should have been charged that way wasn't a ruling that misled the defendant. It wasn't a ruling and it didn't mislead the defendant. The context of the court's statement was that he was explaining his ruling denying the state's request for a jury instruction defining a sex organ. The record shows that neither party received this statement, this explanation of the court's reasoning as to that ruling as a separate independent ruling that had any sort of effect on the state's ability to present the argument or present any evidence. The court didn't dismiss the charge as insufficient. The defense didn't seek any relief based on this supposed ruling. The ruling was in regard to a jury instruction. That's what the state after all filed a motion to reconsider on. I also want to point out that the record shows that the defendant was not surprised when the state at that pretrial hearing said that the evidence will show beyond the vaginal penetration theory. He argued or said, in fact, at that hearing that the surprise theory was the theory of penetration of the vagina. Now he's arguing that the other theory was a surprise. But one of those theories was in the charge itself and the other was disclosed by the state a week after the charges were filed when the state in a discovery response informed the defendant that the victim stated that he rubbed past her clitoris. Finally, his defense was that there was no penetration period. And so it's unclear how the defendant could have been prejudiced in any way. So I've gone beyond the discussion in the opening brief and the response brief to talk about these new ideas in the reply brief. But again, what I want to point out is that that new argument is way. Thank you, counsel. Go ahead, counsel. It's a quote from the first page of the reply brief. One vice of duplicity is that a general verdict for a defendant on that count does not reveal whether the jury found him guilty of one crime or not guilty of both. Conceivably, this could prejudice the defendant in protecting himself against double jeopardy. Another vice of duplicity is that a general verdict of guilty does not disclose whether the jury found the defendant guilty of one crime or both. Illinois follows this rule. That's the problem here. None of the state's arguments address this problem. It's not a problem of surplus. One of the things the state says is that somehow the defendant's trying to argue that he was in danger of being convicted of two crimes in this trial. And of course, none of the cases we're citing deal with that problem at all. In the Sterone case, the defendant wasn't convicted of two counts of interrupting interstate commerce. In the Hurd case, he was not convicted of two counts of gambling. None of these cases deal with that. It comes from the state arguing independent, sufficient acts in a single count, in a single crime, in a single trial. And you can't tell what the defendant's been convicted of. If he gets acquitted, how's he going to keep from getting whatever the alternative, one that's not uncharged, that's uncharged, charged with him again? If he gets convicted, how can you tell what he's been convicted of? And I disagree if there's any new argument in the reply brief. We're simply responding to the state's. There's nothing new in there at all as far as the basis of the defendant relying upon the ruling of the trial judge. The defendant knew what this case was going to be about. Everybody knew what this case would be about. The state didn't like it. When the judge ruled this was going to be a trial on putting a finger in a vagina, the state could have taken an interlocutory appeal. But they didn't. So all of the opening statement, all of the examination of the witness, all went toward that act. And that's what this trial was about. And then the state shifted over, seeing that their evidence was weak, and argued an alternative duplicitous theory, saying that they had proved two crimes, not just one. That's exactly the problem in the cases that we cite, and the result should be the same. Termination is an unfair trial, and that the case should be remanded for a new one. All of that, class acts don't. Unless there are questions. Thank you, counsel. Thanks so much. Talk to Judge Chapman and maybe the guys whenever I can.